IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE ROI JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants | No. C-07-0904 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; DENYING PLAINTIFF'S MOTION TO REISSUE SUBPOENAS WITHOUT PREJUDICE; GRANTING LEAVE TO FILE AMENDED COMPLAINT** |

    Before the Court are two motions filed by plaintiff. In his first motion, filed August 24, 2007, plaintiff seeks an extension of time, based on plaintiff's inability to "make dates and schedules in this court" due to his incarceration, (see Pl.'s Mot. filed August 24, 2007 at 1), an order allowing plaintiff "to physically access the [prison] law library" and to possess a pen, (see id.), and for the Clerk's Office to send him pleading paper and two copies of the "Handbook for Litigants without a Lawyer," (see id. at 1-2). In his second motion, filed September 5, 2007, plaintiff requests the Court "reissue subpoenas" because plaintiff has learned that the correct name of defendant "Officer Wenk" is "William Zenk," and that the defendant identified as "unnamed corporal" in plaintiff's complaint is "Corporal Hartung."

(See Pl.'s Mot. filed September 5, 2007 at 1-2).[1]

To assist the Court in scheduling matters, the Court directed plaintiff, in an order filed September 25, 2007, to provide the date upon which he anticipates being released from incarceration. Plaintiff has advised the Court that his anticipated release date is November 12, 2007. (See Pl.'s "Release Date Information" filed October 2, 2007.)

**A.   Motion for Extension of Time**

Although plaintiff does not specify in the motion a particular deadline he is seeking to extend, (see Pl.'s Mot. at 1), the Court construes plaintiff's motion as requesting an extension of the deadline for plaintiff to effectuate service on defendants Certified Towing and Officer Wenk, (see Order filed July 31, 2007 (directing plaintiff to effectuate service on said defendants, or to provide the Court with accurate information for said defendants by September 3, 2007)).

In light of plaintiff's incarceration, and given plaintiff's impending release date, plaintiff's motion for an extension of time to effectuate service on defendants Certified Towing and Officer Wenk is hereby GRANTED as follows:

1. With respect to Certified Towing, no later than December 19, 2007, plaintiff must either (a) himself effectuate, and file proof of, service on defendant Certified Towing or (b) provide the Court, in writing, with accurate information such that the United States Marshal is able to effectuate service on plaintiff's behalf. If plaintiff fails to comply with this order by said date, plaintiff's claims against defendant Certified Towing will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2. With respect to Officer Wenk, plaintiff must file proof of service on said defendant under said defendant's correct name no later than December 19, 2007.

In light of said extension and plaintiff's impending release from incarceration, plaintiff's requests for an order allowing plaintiff access to the prison law library, to possess

---

[1] No opposition to either motion has been filed, for the reason that each defendant who previously appeared in the case was dismissed prior to the filing of said motions.

a pen, and for the Clerk to send plaintiff pleading paper are hereby DENIED. The impairment of plaintiff's capacity to litigate due to imprisonment, in actions other than those to attack his sentence or to challenge the conditions of his confinement, "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." See Lewis v. Casey, 518 U.S. 343, 355 (1996). Moreover, plaintiff has demonstrated his ability to access the courts with the writing materials available to him. With respect to plaintiff's request for the "Handbook for Litigants without a Lawyer," plaintiff has failed to provide any explanation as to why two copies of said Handbook are necessary. Further, upon plaintiff's release from custody, plaintiff may obtain from the Clerk's Office a copy of the Handbook, at no cost to himself. Accordingly, plaintiff's request that copies of the Handbook be mailed to him is hereby DENIED.

**B.    Motion to Reissue Subpoenas**

The Court construes plaintiff's motion to "reissue subpoenas" as a request to reissue the summons with the correct information regarding defendant "Wenk"s true name, and to issue service of process for an individual identified as "Corporal Hartung."

Plaintiff states in said motion he has "learned the names of the officers in the subpoenas." (See Pl.'s Mot. filed September 5, 2007 at 1). In particular, plaintiff asserts, "the officers' names are 'William Zenk' not 'Wenk' and Corporal Hartung, both of the El Cerrito Police Department." (See id. at 1-2.) Plaintiff requests the Court issue process with the names he provides. Neither "William Zenk," nor "Corporal Hartung," however, is named as a defendant in the complaint. (See Compl. at 2:2 (listing, among others, "Officer Wenk" and "unnamed corporal" as defendants)). Accordingly, plaintiff's request to issue process for said individuals is hereby DENIED without prejudice.

If plaintiff wishes to pursue his claims against said individuals, plaintiff must file an "Amended Complaint," in which he sets forth all of his claims and names all of the defendants against whom he brings those claims. The Court hereby GRANTS plaintiff leave to file, no later than November 28, 2007, an Amended Complaint, as set forth above.

If plaintiff timely files such Amended Complaint, plaintiff may obtain from the Clerk of the Court summons for each such individual defendant and provide them to the United States Marshal for service.

**IT IS SO ORDERED.**

Dated: October 30, 2007

MAXINE M. CHESNEY
United States District Judge