IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE ROI JOHNSON, | No. C-07-0904 MMC |
| Plaintiff, | **ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST CONTRA COSTA DEFENDANTS** |
| v. | |
| CONTRA COSTA COUNTY, et al., | |
| Defendants. | |
| _____/ | |

On February 13, 2007, plaintiff Le Roi Johnson filed his initial complaint in the above-titled action, alleging claims arising out of plaintiff's arrest by El Cerrito Police Officers William Zenk ("Zenk") and Corporal Hartung ("Hartung") on January 13, 2006. Thereafter, the Court dismissed with prejudice four of the defendants named therein, (see Orders filed April 30, 2007, August 10, 2007, and August 23, 2007), and subsequently granted plaintiff leave to amend his complaint to name two individuals not properly named in the complaint, specifically, Zenk and Hartung, (see Order filed October 30, 2007). Now before the Court is plaintiff's amended complaint filed February 4, 2008.

In his amended complaint, plaintiff names Zenk and Hartung as defendants, along with Certified Towing, a defendant named in the original complaint. Additionally, plaintiff re-alleges his claims against three defendants previously dismissed with prejudice from the instant action, specifically, Contra Costa County, City of El Cerrito, and El Cerrito Police

1  Department.  (See Orders filed April 30, 2007, August 10, 2007, and August 23, 2007.)  In
2  light of such dismissal, and for the reasons stated in the Court's previous orders, said
3  defendants remain dismissed.
4        Further, plaintiff names four new defendants, identified by plaintiff as Contra Costa
5  Sheriff's Office, Contra Costa District Attorneys Office, Contra Costa Main Detention
6  Facility Law Librarian, (collectively, "Contra Costa defendants"), and Judge Treat.
7        Plaintiff's attempted joinder of the Contra Costa defendants is improper.  The
8  Federal Rules of Civil Procedure provide that multiple defendants may be joined in a single
9  action "if there is asserted against them jointly, severally, or in the alternative, any right to
10 relief in respect of or arising out of the same transaction, occurrence, or series of
11 transactions or occurrences and if any question of law or fact common to all defendants will
12 arise in the action."  See Fed. R. Civ. P. 20(a).  As relevant to the instant action, "Rule
13 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to
14 relief must be asserted . . . against [ ] each . . . defendant relating to or arising out of the
15 same transaction or occurrence or series of transactions or occurrences; and (2) some
16 question of law or fact common to all parties must arise in the action."  See Desert Empire
17 Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Here, the
18 claims asserted against the Contra Costa defendants concern events occurring in
19 connection with court proceedings following plaintiff's arrest, and plaintiff's pre-trial and
20 post-trial confinement; such claims do not relate to or arise out of the same transaction or
21 occurrence as the claims asserted against Zenk and Hartung.
22       Accordingly, and for the reasons stated, plaintiff's claims against the Contra Costa
23 defendants are hereby DISMISSED without prejudice.
24       **IT IS SO ORDERED.**
25
   Dated: February 13, 2008                         MAXINE M. CHESNEY
26                                                         United States District Judge
27
28