**United States District Court**

**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LE ROI JOHNSON,

        Plaintiff,

  v.

CONTRA COSTA COUNTY, et al.,

        Defendants.

No. C-07-0904 MMC

**ORDER TO SHOW CAUSE WITH RESPECT TO MOTIONS TO DISMISS; VACATING HEARING**

On February 4, 2008, plaintiff filed his Amended Complaint, in which he asserts nine claims. By prior order, the Court has dismissed the fifth through ninth of said claims.[1]

Now before the Court are the motions filed May 20, 2008 and July 1, 2008, by defendants Corporal Hartung ("Hartung") and William Zink ("Zink"),[2] respectively, to dismiss the remaining claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and

---

[1] The five claims were dismissed without prejudice, for the reason that such claims concerned "events occurring in connection with court proceedings following plaintiff's arrest, and plaintiff's pre-trial and post-trial confinement," (see Order filed February 13, 2008 at 2:18-20), and did not "relate to or arise out of the same transaction or occurrence as the claims asserted against [defendants] Z[i]nk and Hartung," (see id. at 2:20-21).

[2] In the Amended Complaint, plaintiff refers to Zink as "Officer William Zenk." (See, e.g., Amended Compl. at 1.)

for a more definite statement pursuant to Rule 12(e).  No opposition to the motions has been filed.  Having read and considered the motions, the Court deems the matters appropriate for decision thereon, VACATES the hearing scheduled for August 15, 2008 on defendant Zink's motion, and rules as follows.[3]

In plaintiff's four remaining claims, plaintiff alleges defendants violated plaintiff's constitutional rights by: (1) wrongfully arresting plaintiff on January 13, 2006, based on plaintiff's race; (2) illegally administering a field sobriety test at the time of such arrest; (3) improperly towing plaintiff's car at the time of such arrest; (4) improperly "taking" the rear license plate from plaintiff's car following such arrest.  (See Amended Compl. at 5.)

Under Heck v. Humphrey, 512 U.S. 477 (1994), a plaintiff cannot seek to "recover damages for [an] allegedly unconstitutional conviction . . ., or for other harm caused by actions whose unlawfulness would render a conviction . . . invalid," unless the conviction has been reversed or set aside, see id. at 486-87.

Here, plaintiff alleges that following the arrest at issue herein, he was tried on charges stemming from said arrest and sentenced thereon.  (See Amended Compl. at 3.)

Because plaintiff's first claim, for wrongful arrest, as well as his second and third claims, which are derivative thereof, seeks to recover damages for harm caused by defendants' actions, the unlawfulness of which actions would render plaintiff's conviction invalid, plaintiff's first three claims would appear to be barred under Heck, absent an allegation that his conviction has been reversed or set aside.[4]

Although plaintiff's fourth claim does not appear to be barred by Heck, such claim fails to state a claim for a federal constitutional violation for deprivation of property without due process, for the reason that such "cause of action does not exist for a random,

---

[3] Defendant Hartung's motion was previously deemed submitted.

[4] "The fact that [plaintiff] is no longer in custody and thus cannot overturn his prior conviction[ ] by means of habeas corpus does not lift Heck's bar."  See Guerrero v. Gates, 442 F.3d 697, 704 (9th Cir. 2006).

2

unauthorized deprivation of . . . property where adequate post-deprivation procedures are available under state law," see King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); California law provides such an adequate post-deprivation remedy, see Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895) (providing for civil tort claim against government entity and/or employee).[5]  Consequently, plaintiff's fourth claim likewise is subject to dismissal.

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE in writing, no later than August 20, 2008, why the Amended Complaint should not be dismissed for the reasons stated above.[6]

**IT IS SO ORDERED.**

Dated: July 31, 2008

MAXINE M. CHESNEY
United States District Judge

---

[5] To the extent Certified Towing is sued as an agent of the City of El Cerrito, the above-cited Government Code sections are applicable to such defendant as well.  To the extent Certified Towing is sued in other than such capacity, plaintiff's federal claims are subject to dismissal as such claims may only be brought against a "state actor."  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (holding claim for violation of federal constitutional rights may only be brought against "a person who may fairly be said to be a state actor").

[6] Because defendants' motions do not expressly raise the above-referenced grounds for dismissal, the Court has provided plaintiff such additional opportunity to respond.